# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINJIE ZHENG,<br><br>     Plaintiff,<br><br>  v.<br><br>INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS; VERISIGN, INC.; and BEIJING XINNET DIGITAL INFORMATION TECHNOLOGY CO. LTD.,<br><br>     Defendants. | Case No. 2:25-cv-06124-SPG-AJR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 43]** |

   Before the Court is the Motion to Remand (ECF No. 43 ("Motion to Remand")) filed by Plaintiff Minjie Zheng ("Plaintiff"). Also before the Court is the Motion to Dismiss (ECF No. 14 ("Motion to Dismiss")) filed by Defendant Internet Corporation for Assigned Names and Numbers ("Defendant"). The Court has read and considered the Motions and concluded that they are suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion to Remand and DENIES, as moot, the Motion to Dismiss.

## I. BACKGROUND

### A. Factual Background

The following allegations are taken from Plaintiff's First Amended Complaint ("FAC"). *See* (ECF No. 1-2 ("FAC")). Plaintiff is a Chinese citizen pursuing an antitrust lawsuit regarding single-character .COM domain names. (*Id.* at 1). Defendant[1] is a California nonprofit public benefit corporation that oversees the technical coordination of the Internet's domain name system. (*Id.*).

In 2001, Defendant and Verisign entered into a domain name agreement, which required the reservation of certain domain names, including all one- and two-character domain names (i.e., "a.com," "aa.com"). (*Id.* at 4-5). Despite entering into this agreement, Defendant registered several domain names that were intended to be reserved. (*Id.*).

In 2008, Plaintiff applied to Xinnet for the registration of 33 one-character domain names. (*Id.* at 8). After his application was denied, Plaintiff initiated an antitrust lawsuit in Chinese court. (*Id.*). In 2015, Plaintiff applied for the domain name cm.com, but his application was rejected, and the domain name was assigned to another registrant a week later. (*Id.* at 9). Plaintiff subsequently filed another antitrust lawsuit in Chinese court in 2017 premised on the same allegations. (*Id.*). In December 2017, Defendant announced that it would auction off one single-character domain name, "o.com," pending approval by the U.S. Department of Justice. (*Id.* at 9-10). Plaintiff alleges that because Defendant has registered some of the reserved domain names, it is abuse of market dominance to refuse to register the remaining domain names. (*Id.* at 13). Alternatively, Plaintiff argues that the previously reserved domain names are registered without authorization and that they should be canceled, including cm.com. (*Id.* at 14).

---

[1] Plaintiff initially named two other defendants in this action—Verisign, Inc. ("Verisign") and Beijing Xinnet Digital Information Technology Co. Ltd. ("Beijing Xinnet"). Plaintiff voluntarily dismissed Verisign as a defendant on July 9, 2025, (ECF No. 16), and Beijing Xinnet has not appeared in this action. The Court therefore uses the term "Defendant" to refer exclusively to Internet Corporation for Assigned Names and Numbers.

Plaintiff asserts claims of antitrust violations, declaratory relief, breach of contract, and unfair business practices. (*Id.* at 2). Plaintiff does not state the statutory basis for any of these claims in the FAC. As relief, Plaintiff seeks (1) a declaration that a 2024 agreement between Defendant and Verisign that prohibits the registration of one- and two-character domain names is illegal; (2) a declaration that certain domain names do not have owners; (3) an order requiring Defendant to register the domain names for Plaintiff; and (4) compensation for expenses and mental damages, totaling $35,000. (*Id.* at 17).

### B. Procedural History

Plaintiff initiated this action in Los Angeles County Superior Court on May 20, 2025. (ECF No. 1-1). Plaintiff subsequently filed the FAC on May 27, 2025. (FAC). On July 7, 2025, Verisign removed the case to this Court. (ECF No. 1). On July 9, 2025, Plaintiff filed three separate requests to remand the case to state court. (ECF Nos. 17, 18, 19). Plaintiff subsequently filed several additional requests to remand, (ECF Nos. 20, 25, 30), all of which the Court struck for failure to comply with the Local Rules, (ECF No. 31). On July 22, 2025, Plaintiff filed another motion to remand, (ECF No. 34), which the Court set for hearing on its own motion, despite the continued failure to comply with the Local Rules, (ECF No. 37). Plaintiff then filed the instant Motion, which he represented was a "consolidated motion (and the final one)." (Mot. to Remand at 2). The Court, in its discretion, recognized this motion as the operative Motion to Remand, and set a hearing and briefing schedule for the parties. (ECF No. 45). Defendant filed an opposition to the Motion to Remand on August 13, 2025, (ECF No. 49), and Plaintiff filed a reply in support of the Motion to Remand on August 19, 2025, (ECF No. 53).

Separately, Defendant filed a Motion to Dismiss the FAC on July 11, 2025. (Mot. to Dismiss). Plaintiff filed an opposition to the Motion to Dismiss on July 14, 2025, (ECF No. 21), and Defendant replied in support of the Motion to Dismiss on August 13, 2025, (ECF No. 50). Plaintiff also filed a motion for leave to amend on August 21, 2025, which the Court set for hearing on September 24, 2025. (ECF Nos. 54, 55).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a). Diversity jurisdiction requires that each plaintiff has different citizenship than each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). An individual is a citizen of the state where he or she is domiciled, meaning the state where the person resides at the person's "permanent home" with the intent to remain or the place to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. DISCUSSION

In the Motion to Remand, Plaintiff argues that this Court lacks subject matter jurisdiction because all of his claims arise under state law and the amount in controversy does not exceed $75,000. (Mot. to Remand at 2-3). Plaintiff clarifies in the Motion to Remand that his unfair business practices claim arises under California's Unfair Competition Law (UCL) and that his antitrust claim arises under California's Cartwright

Act. (*Id.* at 3). Plaintiff also raises various procedural arguments against the removal. (*Id.* at 4-6).

In opposition, Defendant argues that removal was proper because a federal antitrust claim appears on the face of Plaintiff's FAC.[2] Specifically, Defendant points to one sentence in the FAC where Plaintiff stated, "[u]nder U.S. antitrust law, it is a conspiracy to collude to monopolize and is automatically considered illegal under any circumstances." (FAC at 16). Defendant also argues that Plaintiff's intention to invoke federal antitrust law can be inferred based on a federal court case filed by Plaintiff, Case No. 2:25-cv-04808-SPG-AJR, in which Plaintiff invoked federal jurisdiction based on substantially similar allegations. (ECF No. 49 at 11).

In civil actions, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint." *Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1118 (9th Cir. 2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). Under this rule, whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). As "master of the complaint," a plaintiff "may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc.*, 482 U.S. at 398-99.

The Court concludes that no federal law claim appears on the face of Plaintiff's FAC. The FAC states that it is raising a claim for "antitrust violations," but it does not specify the statute on which this claim is based. Because there are both federal and California antitrust statutes, the FAC is ambiguous as to whether this claim arises under federal or state law. While the FAC does refer a single time to U.S. antitrust law, "[f]ederal courts

---

[2] Defendant does not argue that there is federal diversity jurisdiction or that any of the other claims raise a federal question.

have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." *Shelley's Total Body Works v. City of Auburn*, No. C07-126P, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007) (collecting cases). The phrase "U.S. antitrust law" could easily be taken to mean either federal or state law—particularly from the perspective of a foreign citizen like Plaintiff—and Plaintiff's single passing use of this phrase does not convince the Court that he intended to invoke federal law. While Plaintiff did also bring a similar action in federal court, this fact, if anything, supports Plaintiff's argument that he intended the state court action to lie in state law.[3]

In the face of the ambiguity in the FAC, the Court must fall back on the "strong presumption" against removal jurisdiction. *Gaus*, 980 F.2d at 566; *see Hardin v. Morgan Bldgs. & Spas, Inc.*, No. SA-07-CA-388, 2007 WL 2021775, at *2 (W.D. Tex. June 26, 2007) ("Because . . . ambiguities with respect to removal should be construed in favor of remand, the unclear phrasing of plaintiff's statement weighs in favor of remanding this case to state court." (internal quotation marks omitted)). Moreover, because Plaintiff is the master of his complaint, the Court must defer to the interpretation that he offers if the FAC is susceptible to that reading. *See Lippitt v. Raymond Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (concluding that no federal claim appeared on face of complaint where, although "the complaint is the exact opposite of a model of clarity, it can be read in the way [the plaintiff] asserts"); *see also Polkey v. Waste Mgmt. of Wash., Inc.*, No. C09-0447-JCC, 2009 WL 1936257, at *3 (W.D. Wash. July 6, 2009) ("Faced with such ambiguity, the Court must defer to Plaintiff's interpretation [that the complaint raised only state law claims]."); *E. States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp.

---

[3] The Court further notes that the complaint in that case does make reference to "federal laws such as the Sherman Antitrust Act and the Clayton Antitrust Act," Case No. 2:25-cv-04808-SPG-AJR, ECF No. 10 at 19, though the basis for the claims is similarly ambiguous. Regardless, the fact that the federal court action is similarly ambiguous as to the basis for the antitrust claim does not mean that jurisdiction is lacking in that case since the presumption against removal jurisdiction does not apply.

2d 384, 393 (S.D.N.Y. 1998) ("[T]he principle that the plaintiff is master of the complaint also counsels in favor of construction in accordance with the representations of the plaintiffs."); *Atanasio v. Bhd. of Locomotive Eng'rs & Trainmen*, 424 F. Supp. 2d 476, 485 (E.D.N.Y. 2006) ("As master of the complaint, which is ambiguous as to whether he is seeking relief under state or federal law, [plaintiff's] motion to remand clearly demonstrates his desire to rely exclusively on rights conferred by state law."). Because the FAC could fairly be read to raise only state law claims, the Court GRANTS Plaintiff's Motion to Remand.[4]

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand, REMANDS this action to Los Angeles County Superior Court, and closes this case.

**IT IS SO ORDERED.**

DATED: September 16, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court grants the Motion to Remand for lack of jurisdiction, the Court does not reach Plaintiff's procedural arguments. The Court also DENIES, as moot, Defendant's Motion to Dismiss, (ECF No. 14), and Plaintiff's motion for leave to amend, (ECF No. 54).